UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AXA Insurance Company a/s/o<br>The Museum of Printing History,<br><br>*Plaintiff*,<br>v.<br><br>Yoau Electric Co., Ltd.,<br>LG Electronics U.S.A., Inc., and<br>Chocolates El Rey Inc.,<br><br>*Defendants*. | § § § § § § § § § § § § | Civil Action H-18-1167 |

**Memorandum Opinion and Order**

Pending before the court is a motion to dismiss filed by defendant LG Electronics U.S.A., Inc. ("LGEUSA"). Dkt. 8. Plaintiff AXA Insurance Company ("AXA") a/s/o The Museum of Printing History ("the Insured") responded. Dkt. 11. LGEUSA replied. Dkt. 13. Having considered the motion, response, reply, and applicable law, the court is of the opinion LGEUSA's motion to dismiss should be GRANTED in part and DENIED in part.

**I. Background**

This is a subrogation case.[1] Dkt. 1 at 1. The Insured maintained a place of business located at 1324 West Clay St., Houston, TX 77019 ("Subject Premises") where it stored a historical collection, including documents and nineteenth century printing devices. Dkt. 1 at 2–3. The Insured

---

[1]For the purposes of a motion to dismiss, the court accepts all well-pled facts contained in AXA's complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

leased a portion of the Subject Premises to defendant Chocolates El Rey, Inc. ("El Rey"). Dkt. 1 at 2.

A fire occurred at the Subject Premises on or about May 10, 2016, resulting in extensive smoke, fire, and water damage to the Insured's historical collection and the Subject Premises. Dkt. 1 at 5. AXA, as subrogee, made payments to the Insured due to the fire loss. Dkt. 1 at 1, 2. Investigators from the Houston Arson Bureau determined the fire resulted from faulty wiring of an LG air conditioning unit used by El Rey at the Subject Premises. Dkt. 1 at 3,5. The air-conditioning unit was designed and manufactured by LGEUSA and/or Yoau Electric Co., Ltd. ("Yoau"). Dkt. 1 at 4. AXA, as subrogee to the Insured, asserts that defendants Yoau, LGEUSA and El Rey are responsible for the fire loss sustained by AXA due to breach of express and implied warranties, negligence, and strict products liability.[2] Dkt. 1 at 26, 27, 32, 40.

## II. LEGAL STANDARD

### A. Motion to dismiss Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774

---

[2] AXA agrees to LGEUSA's motion to dismiss the breach of warranty claims. Dkt. 11 at 5 n.1. Accordingly, LGEUSA's motion to dismiss AXA's claims for breach of express and implied warranty is GRANTED as unopposed.

2

(5th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554 (internal citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.*

### III. ANALYSIS

LGEUSA argues that the court should dismiss AXA's complaint because the claims are time-barred by Texas' two-year statute of limitations for tort claims. Dkt. 8 at 6, 8. Specifically, LGEUSA argues that AXA failed to file a timely complaint because service of process occurred on May 22, 2018, nearly two weeks after the statutory limitations period expired. Dkt. 8 at 5, 6. According to LGEUSA, AXA was not diligent in its attempts to serve because it did not attempt to serve LGEUSA until a month after it had filed the complaint and emailing the complaint to legal counsel is not proper service. Dkt. 13 at 3–4.

AXA agrees that LGEUSA was served after the limitations period expired. Dkt. 11. However, AXA asserts that diligent attempts were made with regard to process when AXA and LGEUSA commenced correspondence on or about March 28, 2018 and continued communicating thereafter. *Id.* AXA contends that LGEUSA did not respond to its request for a Tolling Agreement, prompting AXA to file the complaint before the statute of limitations had run. *Id.*

Under Texas law, to comply with the statute of limitations, a plaintiff must both timely file suit and use "due diligence" in serving the defendant with process. *Gant v. DeLeon*, 786 S.W.2d

259, 260 (Tex. 1990). When the plaintiff has timely filed the complaint, but does not serve the defendant until after the period has expired, the date of service relates back to the date of filing only if the plaintiff exercised diligence in service. *Tranter v. Duemling*, 129 S.W.3d 257, 259 (Tex.App.—El Paso 2004, no pet.).

Since the incident that gave rise to the claims against LGEUSA occurred on May 10, 2016, the statute of limitations ran two years later on May 10, 2018. AXA's complaint was filed on April 12, 2018 and the court takes judicial notice of the date LGEUSA was served, May 22, 2018. The court finds that AXA was diligent enough in its attempts to serve LGEUSA as LGEUSA was served a mere twelve days after the statute of limitations expired. Accordingly, LGEUSA's motion to dismiss is DENIED.[3]

### IV. CONCLUSION

Defendant's Motion to dismiss Garrett's First Amended Complaint (Dkt 8) is GRANTED in part and DENIED in part. It is GRANTED with respect to the breach of warranty claims. The breach of warranties are hereby DISMISSED. It is otherwise DENIED.

Signed at Houston, Texas on December 11, 2018.

_____
Gray H. Miller
United States District Judge

---

[3] Even if the court had looked beyond the pleadings and converted the 12(b)(6) motion into a motion for summary judgment, the court would still deny the motion. The court acknowledges that there is a dispute as to whether LGEUSA's current counsel actually represented them at the time the complaint was emailed or if the current counsel only represented Yoau, the other defendant. Dkt. 13 at 4. This fact, along with AXA's communication with counsel before the statute of limitations expired and the less than two week delay in providing service creates a fact issue as to whether AXA's reasons for delay in service constitute diligence in serving LGEUSA. *See* Dkt. 11 at 6.